FILED
2006 Jun-12 PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD J. CARTIER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:05-cv-00885-UWC** |
| **CITY OF BESSEMER,** ) | |
| **ALABAMA,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON MOTION
FOR SUMMARY JUDGMENT**

Presently before the Court is the Motion for Summary Judgment by Defendant City of Bessemer, Alabama (the "City.") (Doc. 17.)

I.

The City hired Plaintiff Donald J. Carter ("Cartier"), a white male, as a police officer on February 13, 1993. In June 1996, Cartier was promoted to Senior Traffic Homicide Investigator and Accident Re-constructionist for the Motorcycle and Traffic Division.

On January 20, 2004, the City terminated Cartier, following an internal investigation into allegations of misconduct by Cartier. According to Cartier, a black female filed a complaint against him because, in completing an accident report, he did not support her version of the accident.

After the complaint was filed with the City, Cartier discussed it with six of his colleagues–four of whom were black. During the course of the conversation, Cartier, in an apparent joke, used the phrase "Eenie, meenie, miney, mo, catch a nigger by the toe" to explain the process by which he assigned "fault" in the complained of accident report. According to the City, Cartier made this statement while stuttering in an apparent attempt to deride a black officer who had a speech impediment. The City fired Cartier.

Cartier appealed his termination to the Jefferson County Personnel Board (the "Board"). On June 10, 2004, the Board found that Cartier had used a racial slur, had acted disparagingly to a fellow officer, and had not been truthful during an official investigation. Despite these findings, the Board ruled that "a single insult to a superior officer and a sole racial slur do not warrant termination. A single insult, a single racial slur AND not being candid about the incident does warrant stern discipline." (City's Ex. 11, P. 8.) Consequently, the Board overturned the termination decision and ordered that Cartier be reinstated immediately.

On June 21, 2004, the City appealed the Board's decision to the Circuit Court of Jefferson County, Alabama. During the pendency of the appeal, the City did not reinstate Cartier. On January 3, 2005, the Circuit Court affirmed the

Board's order and ordered the City to comply with the Board's order.

On February 3, 2005, Cartier was reinstated to the same rank and rate of pay, but was assigned to a different shift.

## II.

Cartier contends that the City discriminated and retaliated against him and engaged in a conspiracy to discriminate and retaliate against him in violation of the rights guaranteed to him under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985(3), 42 U.S.C. §1986 and the laws of the State of Alabama concerning a hostile work environment.[1]  Cartier also contends that as a result of the City's refusal to reinstate him until February 3, 2005, he was denied opportunities for promotion in rank and benefits while similarly situated black employees received those employment opportunities.

The City has moved for summary judgment as to each of Cartier's claims.

Cartier has failed to respond to the City's motion.

---

[1] With respect to Cartier's Sections 1983 and 1985(3) claims, Cartier contends that his rights under the First and Fourteenth Amendments to the United States Constitution have been violated.

III

The Eleventh Circuit has recognized "that a non-moving party is not required to respond to a motion for summary judgment until the moving party has supported the motion with sufficient proof." *Dixie Stevedores, Inc. v. Marinic Maritime, Ltd.*, 778 F.2d 670, 673 (11th Cir. 1985.)  Thus, the fact that Cartier has failed to respond to the City's motion does not entitle the City to summary judgment unless the City proves that there are no genuine issues of material fact.

Viewing the facts in the light most favorable to Cartier, he has not shown that he was treated any differently than similarly situated black employees.  In fact, he has failed to identify any comparators for any of his claims. He has totally failed to produce sufficient evidence that would permit an inference of a violation of any of his rights. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)(Title VII)*; Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985)("Where, as here, a plaintiff predicates liability under Title VII on disparate treatment and also claims liability under sections 1981 and 1983, the legal elements of the claims are identical."); *Fullman v. Graddick*, 739 F.2d 553, 561-562 (11th Cir. 1984)(Sections 1985 and 1986 Conspiracy Claims); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)(Hostile Work Environment).

For the foregoing reasons, by separate order, the City's unopposed motion for summary judgment will be granted. This case will be dismissed with prejudice.

Done the 12th day of June, 2006.

_____
U.W. Clemon
Chief United States District Judge